**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30145 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00019-EJL-1 |
| v. | |
| SHAUN MCNABB, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 2, 2017[**]
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and LAMBERTH,[***] District Judge.

Shaun McNabb appeals his convictions for possession of a controlled

substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). McNabb also appeals the district court's imposition of a 60-month prison sentence. We have jurisdiction under 18 U.S.C. § 1291. We affirm.

We review *de novo* a denial of a motion to suppress. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc). However, "the underlying factual findings are reviewed for clear error." *Id*. We review for abuse of discretion a district court's application of the Sentencing Guidelines to the facts of a particular case. *United States v. Johansson*, 249 F.3d 848, 858 (9th Cir. 2001).

McNabb first contends that the district court erred in denying his motion to suppress by crediting the officers' testimony over his own, particularly as it related to whether he had committed traffic violations and whether the officers had searched his car prior to the arrival of the drug dog. The district court did not clearly err in finding the officers' testimony more credible than McNabb's at the hearing on the motion to suppress. The district court had the opportunity to observe each witness, and resolving "conflicting testimony is properly a matter for the district court." *United States v. Celestine*, 324 F.3d 1095, 1101 (9th Cir. 2003). The record supports the district court's finding and does not contain evidence sufficient to leave this court with the "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore,

2

the district court did not err in denying the defendant's motion to suppress.

Next, McNabb argues that the district court abused its discretion in applying a four-level sentence enhancement for possessing a firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The commentary on the Guidelines, however, specifically highlights an application of the enhancement in a drug trafficking case when the "firearm is found in close proximity to drugs" because in such cases "the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." U.S.S.G. § 2K2.1 cmt. n.14(B). Here, where McNabb's firearm was found in the same backpack as the drugs, the district court did not abuse its discretion by applying the enhancement. McNabb's argument that the enhancement should not apply because the jury acquitted him on the second count of the indictment—possession of a firearm in furtherance of a drug trafficking crime—is without merit. The burden of proof at sentencing is a preponderance of the evidence, not beyond a reasonable doubt, and a judge may consider at sentencing conduct of which a defendant was acquitted. *United States v. Watts*, 519 U.S. 148, 154-55 (1997). The district court, therefore, did not abuse its discretion in finding by a preponderance of the evidence that the gun emboldened McNabb's unlawful drug sales. *United States v. Chadwell*, 798 F.3d 910, 917 (9th Cir. 2015).

**AFFIRMED.**